UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STATE OF MAINE, | ) | |
|        Plaintiff | ) | |
| v. | ) | 2:25-cr-00153-JAW |
| THOMAS A. BAYNE, JR., | ) | |
|        Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO CHANGE VENUE**

Thomas A. Bayne, Jr., a defendant in a state court criminal matter, citing Federal Rule of Criminal Procedure 21, filed a motion in this Court seeking to change the venue of the criminal matter. Evidently, Mr. Bayne wants this Court to order the state court matter transferred to federal court. Rule 21 authorizes the Court, under certain circumstances, to transfer a criminal matter pending in one federal court to another federal court. Rule 21 does not authorize this Court to order the transfer of a state court matter to this Court. Dismissal of Mr. Bayne's filing in this Court, therefore, is warranted.

To the extent Mr. Bayne's filing could be construed as an attempt to remove the state court matter to this Court, Mr. Bayne's attempt fails. 28 U.S.C. §§ 1442 and 1443 authorize the removal of criminal matters from state court under limited circumstances. "A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction." *Massachusetts v. Vilbon*, No. 21-11510-IT, 2021 WL 5180237, at * 1 (D. Mass. Nov. 8, 2021) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). Removal is permitted for criminal actions against federal officers

and agencies for acts done under the color of law (28 U.S.C. § 1442), against members of the armed forces for acts done under the color of law (28 U.S.C. § 1442a), where a person "is denied or cannot enforce in the [state] court … a right under any law providing for the equal civil rights of citizens of the United States" (28 U.S.C. § 1443(1)), and for "any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law." (28 U.S.C. § 1443(2)). *Id.* Defendant has not provided any facts that would support a finding that his state court matter is eligible for removal.[1]

Because there is no legal authority to support Mr. Bayne's request for this Court to transfer his state court criminal matter to federal court, I recommend the Court dismiss this matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] A notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1445(b)(1). Mr. Bayne's filing in this Court raises a question as to whether any attempt to remove the state court matter would be timely. Because there is no basis for removal, the Court need not address the timeliness of any effort to remove the matter.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 9th day of October, 2025.