UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STATE OF MAINE, | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:25-cr-00153-JAW |
| | ) | |
| THOMAS A. BAYNE, JR., | ) | |
| | ) | |
| | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

On September 11, 2025, Thomas A. Bayne Jr., currently in state custody at the Cumberland County Jail for a pending state criminal matter, sent via certified mail a motion for change of venue in the state criminal matter pursuant to Federal Rule of Criminal Procedure 21(a)-(b). FED. R. CRIM. P. 21(a)-(b). *Mot.* (ECF No. 1).

On October 9, 2025, a United States Magistrate Judge reviewed Mr. Bayne's Rule 21 motion. *Recommended Decision on Motion to Change Venue*, at 1 (ECF No. 2) (*Recommended Decision*). Mr. Bayne seeks a change of venue "in the interests of justice" and for "convenience." *Mot.* at 3. However, Rule 21 authorizes transfer among federal courts, not between state and federal court and thus the Magistrate Judge determined Mr. Bayne's motion should be dismissed. *Recommended Decision* at 1 ("Rule 21 does not authorize this Court to order the transfer of a state court matter to this Court"). Further, even when construing Mr. Bayne's motion as an attempt to remove the state court matter to a federal court, the Magistrate Judge concluded that there was no proper basis for removal and the motion should be dismissed. *Id.* at 1-2.

Because the Magistrate Judge reviewed Mr. Bayne's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Bayne has a right to de novo review by a district judge upon filing an objection within fourteen days of being served. *See* 28 U.S.C. § 636(b)(1)(C). On October 22, 2025, Mr. Bayne filed a timely objection. *Obj. and Correction on Mot. to Change Venue* (ECF No. 3) (*Bayne's Obj.*).

Mr. Bayne objects to the Magistrate Judge's Recommended Decision and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

In his objection, Mr. Bayne claims that "Equal Civil Rights Laws provide for removal of State[] actions to Federal Courts when a person is denied or cannot enforce in State Courts a right under any law providing for equal . . . ." *Bayne's Obj.* at 2. Mr. Bayne argues his "equal rights violations are geographical prejudices" which he claims creates an environment where Maine "residents . . . get to enjoy the equal right[s] protections that should be available to everyone." *Id.* at 3. In his objection, Mr. Bayne also reiterates his chronological account of his case and additionally

details some of the financial hardship he believes will result from continued incarceration. *Id.* at 4-7.

The Court affirms over Mr. Bayne's objection the Magistrate Judge's recommendation that his motion be dismissed. As the Magistrate Judge wrote, the Court construes Mr. Bayne's pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Thus, this Court also construes Mr. Bayne's motion as an attempt to remove the state court matter to federal court.[1] The Court affirms the Magistrate Judge's finding that removal is not warranted because Mr. Bayne "has not provided any facts that would support a finding that his state court matter is eligible for removal." *Recommended Decision* at 2 (footnote omitted).

A pending state prosecution can be removed to federal court in limited circumstances where removal jurisdiction is granted by statute. The federal officer removal statute, 28 U.S.C. § 1442, provides removal jurisdiction for, inter alia, cases brought against federal officers and agencies acting under the color of law. Similar removal jurisdiction is provided in 28 U.S.C. § 1442a for members of the armed forces sued or prosecuted for conduct under color of the office. Additionally, the civil rights removal statute allows for removal of, inter alia, state criminal prosecutions where a defendant cannot enforce a right in state court, 28 U.S.C. § 1443(1), or where the defendant can show the prosecution relates to an action taken under authority of federal "equal rights" law or for refusing to do something that would have violated such a law. 28 U.S.C. § 1443(2).

---

[1] Mr. Bayne's objection more clearly evinces Mr. Bayne's intent to remove his case to federal court. *See Bayne's Obj.* at 2 ("Equal Civil Rights Laws provide for removal of State[] actions to Federal Courts").

3

None of the statutory bases for removal jurisdiction applies here. First, the federal officer removal statute does not authorize removal because Mr. Bayne is not a federal officer or agency. 28 U.S.C. § 1442. Likewise, the armed forces removal statute is inapplicable to Mr. Bayne, a civilian. 28 U.S.C. § 1442a. Removal jurisdiction is not authorized under 28 U.S.C. § 1443(2) because Mr. Bayne's prosecution does not relate to a federal equal rights law. Finally, Mr. Bayne's case does not fit within this Court's removal jurisdiction under 28 U.S.C. § 1443(1), which permits removal of state prosecutions proceeding "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .." 28 U.S.C. § 1443(1).

A removal petition under 28 U.S.C. § 1443(1) must meet a two-part test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the state criminal defendant must show "that the [federal] right allegedly denied . . . arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (citing *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966)). Second, the state criminal defendant must show "specified federal rights" are denied or cannot be enforced "in the courts of [the] State." *Id.* (citing *Rachel*, 384 U.S. 780 at 803).

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966). *See also State of New Hampshire v. Everett*, No. 24-CV-294-LM-AJ, 2024 U.S. Dist. LEXIS 238395 at *6-7

(D.N.H. Nov. 7, 2024), *report and recommendation adopted,* No. 24-CV-294-LM-AJ, 2025 U.S. Dist. LEXIS 11797 (D.N.H. Jan. 23, 2025).

Mr. Bayne cites no state or federal law in his motion or objection that might bring his case under the ambit of 28 U.S.C. § 1443(1), no less a statue touching on racial equality.  Though he does allege "geographical prejudices" he neither cites any a federal law, nor frames his argument in the required terms of racial equality. *Bayne's Mot.* at 3.  As the Supreme Court noted, in 28 U.S.C. § 1443(1) "Congress intended to protect a limited category of rights, specifically defined in terms of racial equality." *Rachel*, 384 U.S. 780 at 791.  Mr. Bayne cannot remove his case to federal court under that statute.

In sum, there is no basis on which this Court may assume jurisdiction over the pending state criminal prosecution and the motion must be dismissed.

Having performed a de novo review of the Magistrate Judge's Recommended Decision, the Court AFFIRMS the Recommended Decision (ECF No. 2) for the reasons set forth therein and in this order, OVERRULES Thomas A. Bayne's Objection and Correction on Motion to Change Venue (ECF No. 3), and DISMISSES without prejudice Thomas A. Bayne's Motion to Change Venue (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2025.